Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **MARCH 2023** | **002886** |
| E-Filing Number: 2303057775 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| WELLINGTON S. LUCAS | AMICA MUTUAL INSURANCE COMPANY *X34* |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 817 HAPPY CREEK LANE<br>WEST CHESTER PA 19380 | 100 AMICA WAY<br>LINCOLN RI 02940    6-4275030 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☒ Other: CLASS ACTION | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

C1 - CLASS ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>MAR 24 2023<br><br>**S. RICE** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES          NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: WELLINGTON S LUCAS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JAMES C. HAGGERTY | 1801 MARKET STREET<br>SUITE 1100<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (267)350-6600 | (215)665-8201 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 30003 | jhaggerty@hgsklawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JAMES HAGGERTY | Friday, March 24, 2023, 03:13 pm |

DEFENDANT'S EXHIBIT 1

...ed by the Prothonotary Clerk)

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

*Filed and Attested by the Office of Judicial Records 24 MAR 2023 03:13 pm S. RICE*

| | | |
|---|---|---|
| WELLINGTON S. LUCAS, INDIVIDUALLY | : | |
| AND ON BEHALF OF A | : | |
| CLASS OF SIMILARLY SITUATED PERSONS | : | |
| 817 Happy Creek Lane | : | |
| West Chester, PA 19380 | : | |
| | : | |
| vs. | : | TERM, 2023 |
| | : No. | |
| AMICA MUTUAL INSURANCE COMPANY | : | |
| 100 Amica Way | : | |
| Lincoln, RI 02940 | : | |

## NOTICE TO PLEAD

### NOTICE

You have been sued in court.   If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.   You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.   You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION
SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701

### AVISO

Le han demando a usted en la corte.   Si usted quiere defenderse de estas demandos expuestas en las páginas sigiuentes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de ésta demanda.   Usted puede perder diner o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.   SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LA LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN
LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-1701

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | | |
|---|---|---|
| WELLINGTON S. LUCAS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS 817 Happy Creek Lane West Chester, PA 19380 | : : : : : : | |
| vs. | : : | TERM, 2023 No. |
| AMICA MUTUAL INSURANCE COMPANY 100 Amica Way Lincoln, RI 02940 | : : : | |

## CIVIL ACTION – CLASS ACTION COMPLAINT

### Parties

1.     The plaintiff, Wellington S. Lucas, is an adult individual citizen and resident of the Commonwealth of Pennsylvania, residing at 817 Happy Creek Lane, West Chester, Pennsylvania.

2.     The defendant, Amica Mutual Insurance Company ("Amica") is a corporation organized and existing in the State of Rhode Island with its principal place of business in Lincoln, RI, being duly authorized to and regularly and routinely conducting business in the Commonwealth of Pennsylvania.

3.     The defendant, Amica, regularly and routinely conducts business in the City and County of Philadelphia, Pennsylvania.

4.     The present action seeks declaratory relief, compensatory contractual underinsured motorist benefits and extra-contractual bad faith damages on behalf of the individual plaintiff, Wellington S. Lucas, and on behalf of a class of similarly situated persons, under insurance policies issued by the defendant, Amica, in the Commonwealth of Pennsylvania.

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

## Accident

5.      On July 25, 2020, the plaintiff, Wellington S. Lucas, was the operator of a motorcycle southbound on east Neversink Road in Exeter Township, Berks County, Pennsylvania.

6.      On July 25, 2020, Seamus Dunn was operating his vehicle in a northbound direction on East Neversink Road in Exeter Township, Berks County, Pennsylvania when he abruptly and without warning crossed the double yellow center line into the southbound lanes of travel violently colliding with the motorcycle operated by Wellington S. Lucas.

7.      As a result of the collision, the plaintiff, Wellington S. Lucas, sustained serious and permanent injuries.

8.      The serious and permanent injuries sustained by Wellington S. Lucas  were caused by the negligence and carelessness of Seamus Dunn.

## Insurance Coverage

9.      At all times material hereto, there existed, in full force and effect, a Motorcycle Policy issued by the Progressive Preferred Insurance Company to Wellington S. Lucas, ("Motorcycle Policy") providing coverage in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. ("MVFRL").

10.     The Motorcycle Policy provided, *inter alia*, $100,000.00/$300,000.00 in underinsured motorist coverage for one (1) vehicle.

11.     The Motorcycle Policy provided coverage for the motorcycle Wellington S. Lucas was operating at the time of the July 25, 2020 motor vehicle accident.

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

12.     At all times material hereto, there existed, in full force and effect, a Pennsylvania Automobile Insurance Policy issued by the defendant, Amica, to Wellington S. Lucas  ("Amica Policy") providing coverage in accordance with the MVFRL.

13.     The Amica Policy provides, *inter alia*: (1) $100,000.00/$300,000.00 in stacked underinsured motorist coverage for three (3) vehicles.

### Tort Claim

14.     At the time of the July 25, 2020 collision, there existed in full force and effect a Personal Automobile Policy issued by the Progressive Advanced Insurance Company to Seamus Dunn providing coverage in accordance with the requirements of the MVFRL ("Liability Policy").

15.     The Liability  Policy provided, *inter alia,* $100,000.00/$300,000.00 in liability coverage.

16.     Following the motor vehicle accident, the plaintiff, Wellington S. Lucas, made claim upon Seamus Dunn and the Progressive Advanced Insurance Company for recovery of damages in tort.

17.     Following receipt of the claim for recovery of damages in tort, the Progressive Advanced Insurance Company tendered to the plaintiff, Wellington S. Lucas, the $100,000.00 liability limit of coverage on behalf of Seamus Dunn under the Liability Policy.

18.     The defendant, Amica, consented to the settlement of the tort claims of the plaintiff, Wellington S. Lucas , against Seamus Dunn.

19.     The tort claims of the plaintiff, Wellington S. Lucas , against Seamus Dunn settled for the $100,000.00 liability limit of coverage of the Liability Policy.

20.     The $100,000.00 limit of liability coverage under the Liability Policy is insufficient to compensate the plaintiff, Wellington S. Lucas, for the serious injuries and damages sustained in

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

the accident.

21.     Seamus Dunn is an underinsured motorist as defined by the Amica Policy and the MVFRL.

## Underinsured Motorist Claim (Primary Source)

22.     Following the July 25, 2020 motor vehicle accident, the plaintiff, Wellington S. Lucas, made claim upon the Progressive Preferred Insurance Company for recovery of underinsured motorist benefits under the Motorcycle Policy.

23.     Following receipt of the claim for recovery of underinsured motorist benefits, the Progressive Preferred Insurance Company tendered to the plaintiff, Wellington S. Lucas, the $100,000.00 limit of underinsured motorist coverage under the Motorcycle Policy.

24.     The underinsured motorist claim against the Progressive Preferred Insurance Company of Wellington S. Lucas  under the Motorcycle Policy was settled for the $100,000.00 limit of coverage.

25.     The liability limits of the Liability Policy and the limits of primary underinsured motorist coverage of the Motorcycle Policy are insufficient to compensate the plaintiff, Wellington S. Lucas, for the serious and permanent injuries sustained in the July 25, 2020 motor vehicle accident.

## Underinsured Motorist Claim (Secondary Source)

26.     Following the July 25, 2020 motor vehicle accident, the plaintiff, Wellington S. Lucas, made claim upon the defendant, Amica, seeking recovery of underinsured motorist benefits under the Amica Policy.

27.     By letter dated August 3, 2022, Mark A. Esposito of the Claims Department of Amica wrote to counsel for Wellington S. Lucas disclaiming coverage for the loss.  A true and

**4**

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

correct copy of the August 3, 2022 letter is attached as Exhibit "A".

28.     In his August 3, 2022 letter, Mark A. Esposito of the Claims Department of Amica disclaimed coverage on the basis of the following exclusion:

EXCLUSIONS

A. We do not provide Underinsured Motorist Coverage for **bodily injury** sustained:

1. By you while **occupying,** or when struck by, any motor vehicle you own which is not insured for this coverage. This includes a trailer of any type used with that vehicle.

See Exhibit "A". This exclusion is commonly referred to as the household exclusion.

29.     The household exclusion was found by the Supreme Court of Pennsylvania to be void and unenforceable by the Supreme Court of Pennsylvania in 2019 in <u>Gallagher v. GEICO</u>, 201 A.3d 121 (Pa. 2019).  See also <u>Donovan v. State Farm</u>, 256 A.3d 1145 (Pa. 2021).

30.     In <u>Gallagher</u>, the Supreme Court determined that a household exclusion in a policy providing inter-policy stacking by election was violative of the MVFFRL since it was an illegal waiver of inter-policy stacking of coverage.

31.     In <u>Donovan</u>, the Supreme Court determined that a household exclusion in a policy providing inter-policy stacking by operation of law was violative of the MVFRL since it was an illegal waiver of inter-policy stacking of coverage.

32.     The disclaimer of coverage on the basis of the household exclusion by the defendant, Amica, under a policy providing inter-policy stacking was a wanton and willful disclaimer in 2022 on the basis of an exclusion deemed unenforceable by the Supreme Court in 2019.

33.     The defendant, Amica, disclaimed coverage with full knowledge that: (1) the Amica Policy provided stacked coverage; and (b) the decision of the Supreme Court of

Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

Pennsylvania in <u>Gallagher</u> in 2019 specifically held that the household exclusion in a policy providing inter-policy stacking is void and unenforceable under the MVFRL.

34.     The disclaimer of coverage is not only void, it was made with no reasonable basis and with knowledge that no reasonable basis for the disclaimer existed.

### Stacking of Underinsured Motorist Coverage

35.     Under the MVFRL, uninsured and underinsured motorist coverages are to be stacked unless waived by the named insured.

36.     Section 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law provides, in pertinent part:

(a) **Limit for each vehicle**. - When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limits for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverage available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

(b) **Waiver**. - Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking or uninsured or underinsured coverage in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

(c) **More than one vehicle**. - Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase as described coverage as described in subsection (b). The premiums for an insured who exercise such waiver shall be reduced to reflect the different cost of such coverage.

75 Pa.C.S.A. §§ 1738(a)(b) and (c).

37.     Stacking of uninsured and underinsured motorist coverages includes both intra-policy stacking and inter-policy stacking.

38.     Intra-policy stacking is the cumulation of multiple coverages under a single policy; inter-policy stacking is the cumulation of multiple coverages under multiple policies in a household.

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

39.     Wellington S. Lucas selected and paid for stacked underinsured motorist coverage under the Amica Policy.

40.     Wellington S. Lucas did not reject or waive stacked underinsured motorist coverage under the Amica Policy.

41.     As the named insured under the Amica Policy, the plaintiff, Wellington S. Lucas , is eligible for recovery of underinsured motorist benefits under the Amica Policy.

### Eligibility to Recover

42.     The Insuring Agreement of the Underinsured Motorist Coverage part of the Amica Policy provides for payment of damages to an insured person for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured auto.

43.     Under the Amica Policy, Wellington S. Lucas, is an insured person and thus eligible for recovery of underinsured motorist benefits from Amica.

44.     Under the Amica Policy, an underinsured motor vehicle is defined as a motor vehicle which has bodily injury liability protection in an amount less than the damages the insured person is legally entitled to recover.

45.     The vehicle operated by Seamus Dunn had insufficient liability coverage to pay for the losses and damages sustained by the plaintiff, Wellington S. Lucas , in the July 25, 2020 motor vehicle accident; therefore, the vehicle operated by Seamus Dunn is an underinsured motor vehicle.

46.     Since the vehicle operated by Seamus Dunn was an underinsured motor vehicle, Wellington S. Lucas  made claim for and recovered underinsured motorist benefits under the Motorcycle Policy.

47.     The limits of liability coverage of the Liability Policy and the limits of primary

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

underinsured motorist coverage under the Motorcycle Policy are insufficient to compensate the plaintiff, Wellington S. Lucas, for the serious and permanent injuries sustained in the July 25, 2020 motor vehicle accident.

48.     The plaintiff, Wellington S. Lucas, is eligible for recovery of underinsured motorist benefits under the Amica Policy.

### **Disclaimer of Coverage**

49.     The denial and disclaimer of underinsured motorist coverage under the Amica Policy was based upon the household exclusion which provides:

EXCLUSIONS

A. We do not provide Underinsured Motorist Coverage for **bodily injury** sustained:

> 1. By you while **occupying,** or when struck by, any motor vehicle you won which is not insured for this coverage.  This includes a trailer of any type used with that vehicle.

See Exhibit "A".

50.     The household exclusion contained in the Amica Policy eliminates the inter-policy stacking benefit for which Wellington S. Lucas  paid an additional premium.

51.     In purchasing the Amica Policy, Wellington S. Lucas  specifically selected stacking of underinsured motorist coverage, which includes inter-policy stacking.

52.     Wellington S. Lucas  paid an additional premium for stacked underinsured motorist coverage, which includes inter-policy stacking, under the Amica Policy.

53.     The selection of inter-policy stacking by Wellington S. Lucas  thereby permits him to recover underinsured motorist benefits under both the Motorcycle Policy and the Amica Policy.

54.     The household exclusion in the Amica Policy is a hidden and disguised waiver of inter-policy stacking under the Amica Policy; therefore, it is void and unenforceable as violative

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

of the MVFRL.

55.     In <u>Gallagher</u>, the Supreme Court held that the denial and disclaimer of underinsured motorist coverage by reason of the household exclusion under a policy providing inter-policy stacking is illegal and violative of the MVFRL.  See also <u>Donovan</u>.

56.     The <u>Gallagher</u> decision was issued on January 23, 2019; the ruling was widely disseminated throughout the insurance industry.   See also <u>Donovan</u>.

57.     The disclaimer of coverage by Amica in this case in August of 2022, almost three years after the issuance of the decision in <u>Gallagher</u>, was: (a) issued by Amica with no reasonable basis; and (b) issued by Amica when it knew or should have known that the <u>Gallagher</u> decision rendered any such disclaimer to be void and unenforceable.

### Class Action Allegations

58.     The plaintiff, Wellington S. Lucas, brings this action individually and on behalf of a class of similarly situated persons as a class action pursuant to the Pennsylvania Rules of Civil Procedure.

59.     The defendant, Amica,  has continuously, systematically, wrongfully and wantonly denied and/or failed to acknowledge the availability of uninsured and underinsured motorist coverages under policies issued in accordance with the requirements of the MVFRL by reason of the household exclusion under policies providing inter-policy stacking.

60.     The plaintiff, Wellington S. Lucas, seeks to represent a class of persons injured in motor vehicle accidents from 1990 to the present as a result of the negligence of an uninsured or an underinsured motorist who were insured under Automobile Policies providing uninsured and/or underinsured motorist coverage in accordance with the MVFRL and where: (a) the policy under which benefits were claimed provided inter-policy stacking by election (<u>Gallagher</u>) or by operation

**9**

Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

of law (<u>Donovan</u>); (b) the claim for recovery of uninsured or underinsured motorist coverage was denied by reason of the household exclusion in that policy; and, therefore, (c) inter-policy stacking of underinsured motorist benefits was denied to an otherwise eligible claimant by reason of the household exclusion where, nonetheless, the policy provided inter-policy stacking.

61.     The plaintiff, Wellington S. Lucas, reserves the right to amend the definition and/or identify subclasses upon completion of class certification.

62.     The putative class is limited to residents of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

63.     The members of the class are so numerous that joinder of them is impracticable.

64.     Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendant, Amica.

65.     A class action is the only practicable means available for the members of the class to pursue the appropriate remedies and receive the necessary underinsured motorist benefits under the policies of insurance in question.

66.     A class action is the only practicable means available to prevent the defendant, Amica, from engaging in the continuous and systematic illegal and unlawful conduct under the MVFRL and to remedy the harm created by this illegal and unlawful conduct.

67.     The questions of law and fact are common to the members of the class which the plaintiff, Wellington S. Lucas, seeks to represent.

68.     The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

69.     The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

(a)     Each member of the class suffered injury as a result of the negligence of an uninsured and/or underinsured motorist;

(b)     Each member of the class is eligible as a named insured or an insured to recover uninsured and/or underinsured motorist benefits under a policy of insurance issued by the defendant, Amica, which provided inter-policy stacking of uninsured and/or underinsured motorist coverage by election or by operation of law in accordance with the MVFRL;

(c)     Under each policy, the named insured either: (i) selected and paid for stacked uninsured and/or underinsured motorist benefits (<u>Gallagher</u>); and/or (ii) waived stacking under a policy providing coverage for multiple vehicles such that the waiver did not waive inter-policy stacking so that stacked coverage was provided by operation of law (<u>Donovan</u>);

(d)     Under each  policy, a named insured or an insured made claim for recovery of uninsured and/or underinsured motorist benefits under a policy providing inter-policy stacking either by election (<u>Gallagher</u>) or by operation of law (<u>Donovan</u>);

(e)     Under each policy, the claim for recovery of uninsured and/or underinsured motorist benefits was denied by reason of the household exclusion contained in the Amica Policy;

(f)     The denial and disclaimer of uninsured and/or underinsured motorist coverage by reason of the household exclusion is illegal and violative of the terms and provisions of the MVFRL;

(g)     The household exclusion contained in each policy is a hidden and disguised stacking waiver which is violative of the terms and provisions of the MVFRL;

(h)     Each member of the class is entitled to a declaration that he or she is entitled to recover uninsured and/or underinsured motorist benefits under the policy of insurance issued by the defendant, Amica, under which claim has been made but which was denied by reason of the household exclusion;

(i)     Each member of the class is eligible for recovery of uninsured and/or underinsured motorist benefits under the policy of insurance issued by the defendant, Amica, under which claim has been made.

70.     The plaintiff, Wellington S. Lucas, is a member of the class that he seeks to represent.

71.     The claims of the plaintiff, Wellington S. Lucas, are typical of the claims of other members of the class which he purports to represent.

Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

72. The plaintiff, Wellington S. Lucas, is well qualified to act as class representative.

73. The plaintiff, Wellington S. Lucas, will fairly and adequately protect the interests of the members of the class.

74. The plaintiff, Wellington S. Lucas, has no interest that is adverse or antagonistic to the interests of the members of the class.

75. The plaintiff, Wellington S. Lucas, is committed to prosecuting the class action.

76. The plaintiff, Wellington S. Lucas, has retained competent counsel who are experienced in litigation of this nature.

77. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

78. Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured motorist coverage.

79. The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

80. It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

81. The plaintiff, Wellington S. Lucas, anticipates no difficulty in the management of this action as a class action.

82. The class action brought by the plaintiff, Wellington S. Lucas, is a convenient and proper forum in which to litigate the claim.

83. The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendant, Amica, with

Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

84.    Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

85.    Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendant, Amica.

**COUNT I**
**(Declaratory Relief – Invalidity of Household Exclusion)**

86.    The plaintiff, Wellington S. Lucas, hereby incorporates by reference the foregoing Paragraphs 1 through 85 of this Complaint as though same were fully set forth herein.

87.    The Amica Policy provides inter-policy stacking of uninsured and underinsured motorist coverage, by election.

88.    Inter-policy stacking may also be provided by operation of law, i.e. where stacking was waived under a multiple vehicle policy (Donovan).

89.    All household exclusions under policies providing inter-policy stacking either by election or by operation of law, are void and unenforceable under the MVFRL.

90.    The plaintiff, Wellington S. Lucas, is eligible for recovery of underinsured motorist benefits under the Amica Policy.

91.    Each member of the class is eligible for recovery of uninsured or underinsured motorist benefits under the applicable policy issued by the defendant, Amica.

92.    The defendant, Amica, has denied and disclaimed coverage for underinsured motorist benefits to Wellington S. Lucas  under the Amica Policy by reason of the household exclusion contained in that policy.

Case ID: 230302886

93. The defendant, Amica, has denied and disclaimed coverage to each member of the class by reason of the household exclusion.

94. The household exclusion is a hidden and disguised waiver of inter-policy stacking; therefore the exclusion is void as violative of the MVFRL.

95. Any disclaimers of coverage by Amica on the basis of the household exclusion under policies providing inter-policy stacking after the decisions of the Supreme Court of Pennsylvania in Gallagher and Donovan are outrageous, wanton, willful and without any reasonable basis.

96. The denial and disclaimer of underinsured motorist coverage to the plaintiff, Wellington S. Lucas, under the Amica Policy is a material breach of that policy.

97. The defendant, Amica, has wrongfully, willfully and wantonly refused to provide underinsured motorist coverage to the plaintiff, Wellington S. Lucas, under the Amica Policy.

98. The refusal of the defendant, Amica, to make underinsured motorist coverage available to the plaintiff, Wellington S. Lucas, under the Amica Policy is unlawful, illegal and in wanton and willful disregard of the rights of the plaintiff, Wellington S. Lucas .

99. The denial and disclaimer of underinsured motorist coverage to the plaintiff, Wellington S. Lucas, under the Amica Policy is in direct violation of the specific terms and provisions of the MVFRL.

100. The refusal of the defendant, Amica, to make uninsured and/or underinsured motorist coverage available to the members of the class is in violation of the specific terms of the MVFRL.

101. The denial and disclaimer of underinsured motorist benefits to each member of the class is a wrongful, wanton and willful breach of each policy of insurance providing inter-policy

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

stacking of uninsured and/or underinsured motorist coverage either by election or by operation of law.

102. The defendant, Amica, has acted wantonly, willfully and in reckless disregard of the rights of the plaintiff, Wellington S. Lucas.

103. The defendant, Amica, has acted wantonly, willfully and in reckless disregard of the rights of each member of the class.

104. The plaintiff, Wellington S. Lucas, and each member of the class, are entitled to declarations that they are eligible to recover uninsured and/or underinsured motorist benefits from the defendant, Amica.

105. The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

106. The controversy involves substantial rights of the parties to the action.

107. A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

108. A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

109. The plaintiff, Wellington S. Lucas, and members of the class are also entitled to counsel fees as a result of the vexatious and obdurate conduct of the defendant, Amica, in the disclaimer of coverage and in the handling of the defense of these underinsured motorist claims.

WHEREFORE, the plaintiff, Wellington S. Lucas, respectfully requests that the Court enter an Order:

(a)    declaring that the plaintiff, Wellington S. Lucas, is eligible for recovery of underinsured motorist benefits under the Amica Policy in connection with the injuries sustained by the plaintiff, Wellington S. Lucas , in the July 25, 2020 motor vehicle accident;

Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

     (b)    declaring that each member of the class is entitled to recover uninsured and/or underinsured motorist coverage under the applicable policy providing inter-policy stacking of uninsured and/or underinsured motorist coverage;

     (c)    awarding interest, counsel fees and costs; and

     (d)    such other relief as the court deems appropriate.

**COUNT II**
**(Breach of Contract—Underinsured Motorist Benefits)**

110.    The plaintiff, Wellington S. Lucas, hereby incorporates by reference the foregoing Paragraphs 1 through 109 of this Complaint as though the same were fully set forth herein.

111.    The Insuring Agreement of the Underinsured Motorist Coverage part of the Amica Policy provides for payment of damages to an insured person for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured auto.

112.    Under the Amica Policy, Wellington S. Lucas, is an insured person and thus eligible for recovery of underinsured motorist benefits from Amica.

113.    Under the Amica Policy, an underinsured motor vehicle is defined as a motor vehicle which has bodily injury liability protection in an amount less than the damages the insured person is legally entitled to recover.

114.    The vehicle operated by Seamus Dunn had insufficient liability coverage to pay for the losses and damages sustained by the plaintiff, Wellington S. Lucas, in the July 25, 2020 motor vehicle accident; therefore, the vehicle operated by Seamus Dunn is an underinsured motor vehicle.

115.    Since the vehicle operated by Seamus Dunn was an underinsured motor vehicle, Wellington S. Lucas made claim for and recovered underinsured motorist benefits under the Motorcycle Policy, in addition to the monies received under the Liability Policy.

116.    The limits of liability coverage of the Liability Policy and the limits of primary

**16**
Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

underinsured motorist coverage under the Motorcycle Policy are insufficient to compensate the plaintiff, Wellington S. Lucas , for the serious and permanent injuries sustained in the July 25, 2020 motor vehicle accident.

117.     The plaintiff, Wellington S. Lucas , is eligible for recovery of underinsured motorist benefits under the Amica Policy.

118.     The plaintiff, Wellington S. Lucas, sustained serious and permanent personal injury in the July 25, 2020 motor vehicle accident as a result of the negligence and carelessness of the underinsured motorist, Seamus Dunn.

119.     The negligence and carelessness of Seamus Dunn consisted of, *inter alia*:

    (a)     failing to keep a proper lookout;

    (b)     failing to maintain control of his vehicle;

    (c)     illegally crossing the center line of the roadway;

    (d)     driving into the path of an oncoming motorcycle which was being legally operated on the roadway;

    (e)     violently driving his vehicle into the motorcycle operated by Wellington Lucas;

    (f)     violating the statutes and ordinances applicable to the operation of motor vehicles;

    (g)     being otherwise negligent in law or in fact.

120.     In the July 25, 2020 motor vehicle accident, the plaintiff, Wellington S. Lucas , sustained numerous injuries, including, *inter alia*:

    (a)     closed right pubic ramus fracture;

    (b)     closed fracture of the distal end of the left radius;

    (c)     closed fracture of the styloid process of the left ulna;

    (d)     non-displaced linear fractures of the superior and inferior right pubic ramus

extending into the anterior column of the right acetabulum;

(e) right ankle sprain;

(f) impairment of ability to engage in sex;

(g) severe trauma requiring extensive rehabilitation;

(h) permanent restriction upon activities as a result of the serious and permanent injuries;

(i) inability to engage in the activities of daily living;

(j) inability to perform his usual and customary work related activities;

(k) severe trauma to his nerves and nervous system;

(l) depression;

(m) such other injuries and damages as may be developed more fully during discovery.

121.    As a result of the negligence and carelessness of Seamus Dunn, the plaintiff, Wellington S. Lucas , has suffered and will continue to suffer, throughout the course of his life, pain, restriction and disability.

122     As a result of the negligence and carelessness of Seamus Dunn, the plaintiff, Wellington S. Lucas, has sustained serious and permanent injuries which will worsen as he ages.

123.    As a result of the negligence and carelessness of Seamus Dunn, the plaintiff, Wellington S. Lucas, will need ongoing care, therapy and rehabilitation.

124.    As a result of the negligence and carelessness of Seamus Dunn, the plaintiff, Wellington S. Lucas, has suffered a loss of earnings and an impairment of earning capacity.

125.    The serious and permanent injuries sustained by the plaintiff, Wellington S. Lucas, were a direct result of the negligence and carelessness of Seamus Dunn, the operator of the underinsured motor vehicle.

Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

126.    The defendant, Amica, has wrongfully, willfully and wantonly refused to provide stacked underinsured motorist coverage to the plaintiff, Wellington S. Lucas .

127.    The refusal of the defendant, Amica, to make underinsured motorist coverage available to the plaintiff, Wellington S. Lucas, is unlawful, illegal and in wanton and willful disregard of the rights of the plaintiff, Wellington S. Lucas .

128.    The denial and disclaimer of underinsured motorist coverage by Amica to the plaintiff, Wellington S. Lucas, under the Amica Policy is in direct violation of the specific terms and provisions of the MVFRL.

129.    Each member of the class suffered injury as a result of the negligence and carelessness of an uninsured or underinsured motorist.

130.    The defendant, Amica, denied uninsured or underinsured motorist benefits to each member of the class under policies providing inter-policy stacking of uninsured and underinsured motorist benefits either by election or by operation of law by reason of the household exclusion.

131.    The refusal of the defendant, Amica, to make uninsured and/or underinsured motorist coverage available to the members of the class is in violation of the specific terms of the MVFRL.

132.    The denial and disclaimer of underinsured motorist benefits by Amica to each member of the class is a wrongful, wanton and willful breach of each policy of insurance providing uninsured and/or underinsured motorist coverage.

133.    The defendant, Amica, has acted wantonly, willfully and in reckless disregard of the rights of the plaintiff, Wellington S. Lucas.

134.    The defendant, Amica, has acted wantonly, willfully and in reckless disregard of the rights of each member of the class.

Case ID: 230302886

135.    Each member of the class is eligible for recovery of uninsured and/or underinsured motorist benefits under the relevant policy under which he and/or she is an insured and/or named insured.

136.    The defendant, Amica, has breached the terms, agreements, promises and provisions of the Amica Policy by failing to make payment of underinsured motorist benefits to the plaintiff, Wellington S. Lucas .

137.    The defendant, Amica, has breached the terms, agreements, promises and provisions of each policy of insurance under which each member of the class has made claim for recovery of uninsured and/or underinsured motorist benefits by disclaiming coverage and thus failing to make payment of the uninsured and/or underinsured motorist benefits in an amount which is fair, reasonable and compensates each member of the class for his and/or her loss.

138.    The plaintiff, Wellington S. Lucas, is eligible for recovery of underinsured motorist benefits from the defendant, Amica, under the Amica Policy.

139.    Each member of the class is eligible for recovery of uninsured and/or underinsured motorist benefits from the defendant, Amica, under the applicable policy.

WHEREFORE, the plaintiff, Wellington S. Lucas, respectfully requests that the Court enter an Order:

(a)    awarding $300,000.00 in underinsured motorist benefits to the plaintiff, Wellington S. Lucas, and against the defendant, Amica Mutual Insurance Company; and

(b)    awarding uninsured and/or underinsured motorist benefits to each member of the class against the defendant, Amica Mutual Insurance Company, in an amount which is fair, reasonable and compensates each member of the class for his and/or her loss.

### COUNT III
### (Breach of Contact- Common Law Bad Faith)

140.    The plaintiff, Wellington S. Lucas, hereby incorporates by reference the foregoing

Case ID: 230302886

BatchID: 37582 DateScanned: 04/04/2023 12:35:31 PM

Paragraphs 1 through 139 of this Complaint as though the same were fully set forth herein.

141.   The disclaimer of coverage on the basis of the household exclusion by the defendant, Amica, under a policy providing inter-policy stacking is a wanton and willful disclaimer.

142.   The defendant, Amica, in denying the claim of the plaintiff, Wellington S. Lucas, in 2022 on the basis of an exclusion deemed unenforceable by the Supreme Court in 2019, is at best, negligent but, in reality, it is wanton, willful and utterly unreasonable.

143.   The defendant, Amica, disclaimed coverage with full knowledge that: (1) the Amica Policy provided stacked coverage; and (b) the decision of the Supreme Court of Pennsylvania in <u>Gallagher</u> in 2019 specifically held that the household exclusion in a policy providing inter-policy stacking is void and unenforceable under the MVFRL.

144.   The defendant, Amica, failed to comply with the implied covenants of good faith and fair dealing as contained in the Amica Policy issued to the plaintiff, Wellington S. Lucas .

145.   The defendant, Amica, failed to comply with the implied covenant of good faith and fair dealing as contained in each policy issued by Amica under which each member of the class has made claim.

146.   The defendant, Amica, breached the duty of good faith and fair dealing in denying coverage on the basis of an exclusion which it knew to be void and unenforceable.

147.   The defendant, Amica, breached the common law duty of good faith and fair dealing to Wellington S. Lucas  and to each member of the class.

148.   The defendant, Amica, acted in bad faith and in violation of the common law duties of good faith and fair dealing by, *inter alia*:

   (a)  engaging in unfair or deceptive acts or practices;

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

(b)     failing to fully, fairly and promptly evaluate the underinsured motorist claims of the plaintiff, Wellington S. Lucas  and each member of the class;

(c)     disclaiming underinsured motorist coverage with no reasonable basis and with knowledge of its lack of basis for the disclaimer;

(d)     failing to make payment of underinsured motorist benefits to the plaintiff, Wellington S. Lucas, and each member of the class despite knowing that each person was eligible for recovery of such monies;

(e)     failing to continue to fully, fairly and promptly evaluate the underinsured motorist claims of the plaintiff, Wellington S. Lucas, and each member of the class;

(f)     failing to offer any amount of underinsured motorist benefits to the plaintiff, Wellington S. Lucas , and to each member of the class so as to fully and fairly compensate him/her for his/her loss;

(g)     failing to effectuate a prompt and fair settlement of the underinsured motorist claims of the plaintiff, Wellington S. Lucas, and to each member of the class;

(h)     failing to properly and fairly resolve the underinsured motorist claim of the plaintiff, Wellington S. Lucas, and of each member of the class;

(i)     forcing the plaintiff, Wellington S. Lucas , to institute suit to recover underinsured motorist benefits;

(j)     failing to comply with the terms and provisions of the Insuring Agreement of the Amica Policy;

(k)     breaching the implied covenant of good faith and fair dealing;

(l)     accepting premiums for underinsured motorist coverage while, at the same time, disclaiming coverage in direction violation of the MVFRL;

(m)     violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

(n)     acting in a dilatory and obdurate manner in the handling of the underinsured motorist claims of the plaintiff, Wellington S. Lucas, both before and during this litigation;

(o)     forcing the plaintiff, Wellington S. Lucas, to incur fees, costs and expenses in pursuing litigation and forcing the plaintiff, Wellington S. Lucas, to institute suit in order to recover underinsured motorist benefits;

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

(p)    wantonly and willfully disregarding the rights of the plaintiff, Wellington S. Lucas, and of each member of the class;

(q)    recklessly disregarding the right of the plaintiff, Wellington S. Lucas , and each member of the class, to recover by wrongfully disclaiming coverage for uninsured/underinsured motorist benefits;

(r)    elevating its own interests above those of the plaintiff, Wellington S. Lucas, and of each member of the class;

(s)    breaching the duty of good faith and fair dealing;

(t)    acting in bad faith in the handling of the underinsured motorist claims of the plaintiff, Wellington S. Lucas, and of each member of the class;

(u)    breaching the fiduciary duties owed to the plaintiff, Wellington S. Lucas, and to each member of the class;

(v)    violating the Unfair Claims Settlement Practices, 31 Pa. Code § 146.1 et seq.;

(w)    violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

(x)    violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims;

(y)    being aware that any disclaimer to any class member by reason of the household exclusion was void and unenforceable but refusing to notify each class member that the disclaimer was invalid and further that the claim could be legally pursued; and

(z)    such other acts or omissions as may be developed during discovery.

149.    The defendant, Amica, is liable for payment of all common law bad faith damages for its bad faith conduct in handling and adjusting the underinsured motorist claim of the plaintiff, Wellington S. Lucas, and of each member of the class.

Case ID: 23030288€

WHEREFORE, the plaintiff, Wellington S. Lucas, respectfully requests that the Court enter judgment against the defendant, Amica Mutual Insurance Company, for all compensatory and bad faith damages for himself and for all members of the class.

## COUNT IV
## <u>(Statutory Bad Faith)</u>

150.   The plaintiff, Wellington S. Lucas, hereby incorporates by reference the foregoing Paragraphs 1 through 149 of this Complaint as though the same were fully set forth herein.

151.   The Insuring Agreement of the Underinsured Motorist Coverage Part of the Amica Policy requires payment of underinsured motorist benefits to the plaintiff, Wellington S. Lucas and to members of the class.

152.   The defendant, Amica, is required to pay the plaintiff, Wellington S. Lucas, the $300,000.00 limit of underinsured motorist coverage under the Amica Policy.

153.   The defendant, Amica, failed to comply with the obligations of the Insuring Agreement of the underinsured motorist provisions of the policy issued to the plaintiff, Wellington S. Lucas, and the policies issued to class members.

154.   The defendant, Amica, by failing to pay the $300,000.00 limit of underinsured motorist coverage to the plaintiff, Wellington S. Lucas, in violation of the Bad Faith Act, 42 Pa.C.S.A. § 8371.

155.   The Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurer policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

> (1)   Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

**24**
Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

  (2)  Award punitive damages against the insurer.

  (3)  Assess court costs and attorneys fees against
      the insurer.

42 Pa.C.S.A. § 8371.

  156.  The defendant, Amica, violated the Bad Faith Statute, 42 Pa.C.S.A. § 8371 in the

handling of the underinsured motorist claims of the plaintiff, Wellington S. Lucas , and of the

members of the class.

  157.  The defendant, Amica, is liable to the plaintiff, Wellington S. Lucas, and to each

member of the class, for all statutory bad faith damages.

  158.  The underinsured motorist claims of the plaintiff, Wellington S. Lucas, and of each

class member are actions under insurance policies.

  159.  The defendant, Amica, acted in bad faith and in violation of the statutory duties of

42 Pa.C.S.A. § 8371 by, *inter alia*:

  (a)  engaging in unfair or deceptive acts or practices;

  (b)  failing to fully, fairly and promptly evaluate the underinsured motorist
      claims of the plaintiff, Wellington S. Lucas and each member of the class;

  (c)  disclaiming underinsured motorist coverage with no reasonable basis and
      with knowledge of its lack of basis for the disclaimer;

  (d)  failing to make payment of underinsured motorist benefits to the plaintiff,
      Wellington S. Lucas, and each member of the class despite knowing that
      each person was eligible for recovery of such monies;

  (e)  failing to continue to fully, fairly and promptly evaluate the underinsured
      motorist claims of the plaintiff, Wellington S. Lucas, and each member of
      the class;

  (f)  failing to offer any amount of underinsured motorist benefits to the plaintiff,
      Wellington S. Lucas, and to each member of the class so as to fully and
      fairly compensate him/her for his/her loss;

**25**

BatchID: 37582 DateScanned: 04/04/2023 12:35:31 PM

(g) failing to effectuate a prompt and fair settlement of the underinsured motorist claims of the plaintiff, Wellington S. Lucas , and to each member of the class;

(h) failing to properly and fairly resolve the underinsured motorist claim of the plaintiff, Wellington S. Lucas , and of each member of the class;

(i) forcing the plaintiff, Wellington S. Lucas, to institute suit to recover underinsured motorist benefits;

(j) failing to comply with the terms and provisions of the Insuring Agreement of the Amica Policy;

(k) breaching the implied covenant of good faith and fair dealing;

(l) accepting premiums for underinsured motorist coverage while, at the same time, disclaiming coverage in direction violation of the MVFRL;

(m) violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

(n) acting in a dilatory and obdurate manner in the handling of the underinsured motorist claims of the plaintiff, Wellington S. Lucas, both before and during this litigation;

(o) forcing the plaintiff, Wellington S. Lucas , to incur fees, costs and expenses in pursuing litigation and forcing the plaintiff, Wellington S. Lucas, to institute suit in order to recover underinsured motorist benefits;

(p) wantonly and willfully disregarding the rights of the plaintiff, Wellington S. Lucas, and of each member of the class;

(q) recklessly disregarding the right of the plaintiff, Wellington S. Lucas, and each member of the class, to recover by wrongfully disclaiming coverage for uninsured/underinsured motorist benefits;

(r) elevating its own interests above those of the plaintiff, Wellington S. Lucas, and of each member of the class;

(s) breaching the duty of good faith and fair dealing;

(t) acting in bad faith in the handling of the underinsured motorist claims of the plaintiff, Wellington S. Lucas, and of each member of the class;

(u) breaching the fiduciary duties owed to the plaintiff, Wellington S. Lucas, and to each member of the class;

Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

(v)     violating the Unfair Claims Settlement Practices, 31 Pa. Code § 146.1 et seq.;

(w)     violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

(x)     violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims;

(y)     being aware that any disclaimer to any class member by reason of the household exclusion was void and unenforceable but refusing to notify each class member that the disclaimer was invalid and further that the claim could be legally pursued; and

(z)     such other acts or omissions as may be developed during discovery.

160.    The defendant, Amica, is liable for payment of interest, fees, costs and punitive damages to the plaintiff, Wellington S. Lucas, and to each class member by reason of its bad faith conduct in handling and adjusting the underinsured motorist claims of the plaintiff and of members of the class.

161.    The defendant, Amica, wantonly and willfully ignored the rights of the plaintiff, Wellington S. Lucas, and of the members of the class under the policies of insurance in question.

162.    The defendant, Amica, recklessly disregarded the rights of the plaintiff, Wellington S. Lucas, and of the members of the class with knowledge of the wanton and willful nature of its actions.

163.    The plaintiff, Wellington S. Lucas , and each member of the class are entitled to recover all direct, indirect, compensatory, consequential and punitive damages from the defendant, Amica, by reason of its statutory bad faith.

164.    The plaintiff, Wellington S. Lucas, and each member of the class are eligible to recover the contractual uninsured and/or underinsured motorist coverage, interest, counsel fees,

Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

costs, punitive and any and all other compensatory damages in connection with the statutory bad faith of the defendant, Amica.

WHEREFORE, the plaintiff, Wellington S. Lucas, respectfully requests on his own behalf and on behalf of members of the class that the Court enter judgment against the defendant, Amica Mutual Insurance Company, for all statutory bad faith damages.

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.


BY:    /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8197

SCHMIDT KRAMER P.C.

BY: /s/ Scott Cooper
SCOTT B. COOPER, Esq.
PA Attorney I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300


SHUB LAW FIRM

BY:    /s/ Jonathan Shub
JONATHAN SHUB, Esquire
KEVIN LAUKAITIS, Esquire
PA Attorney I.D. # 53965
134 Kings Highway East, 2nd Floor
Haddonfield, NJ  08033
(856) 772-7200

JACK GOODRICH & ASSOCIATES

**28**

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

BY: /s/ Jack Goodrich
JOHN P. GOODRICH, ESQUIRE
PA ATTORNEY I.D. #49648
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 261-4663

Attorneys for Plaintiff

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

## VERIFICATION

I, Wellington Lucas, state that the facts set forth in the Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.


BY: _Wellington Lucas_
Wellington Lucas

Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

Claims Processing - Amica Scan Center
PO Box 9690
Providence, RI 02940-9690

Toll Free: 1-800-38-AMICA
(1-800-382-6422)
Fax: 1-888-818-2386

August 3, 2022

Gay, Chacker & Mittin
1731 Spring Garden Street
Philadelphia, PA 19130-3893

| | |
|---|---|
| Our Insureds: | Susan Seel and |
| | Wellington S. Lucas |
| Your Client: | Wellington S. Lucas |
| File Numbers: | 60004275030 – Auto Policy |
| Policy Numbers: | 90113720MG – Auto Policy |
| Date of Loss: | July 25, 2020 |
| Claimant: | Wellington S. Lucas |

Dear Attorney Chacker:

This letter will serve in reference to the above matter and acknowledges your representation of Wellington Lucas with regard to the above matter.

It is our understanding that Lucas was operating his 2016 Indian Vintage motorcycle insured with Progressive Insurance Company. It is also our understanding that Progressive Insurance Company is providing primary underinsured liability coverage for all claims under a limit of liability in the amount of $100,000. We have also confirmed the tortfeasor policy, also through Progressive, tendered their $100,000 limits.

We have confirmed Mr. Lucas' motorcycle was not insured under our policy.

At the time of this incident, Susan Seel and Wellington S. Lucas carried a **Underinsured Motorist Coverage – Pennsylvania (Stacked) (PP 04 19 08 12)** police with effective dates of May 1, 2020 – November 1, 2020. Please refer to page one of three of the **Underinsured Motorists Coverage**, which states in part:

**"EXCLUSIONS**

**A.** We do not provide Underinsured Motorists Coverage for **bodily injury** sustained:

1. By you while **occupying,** or when struck by, any motor vehicle you own which is not insured for this coverage. This includes a trailer of any type used with that vehicle."



Case ID: 230302886

BatchID: 37592 DateScanned: 04/04/2023 12:35:31 PM

Claims Processing - Amica Scan Center       Toll Free: 1-800-38-AMICA
PO Box 9690                                    (1-800-382-6422)
Providence, RI 02940-9690                   Fax: 1-888-818-2386

Regrettably, underinsured motorist coverage is not available under the Amica Policy in this instance. Our decision is based on the clear and unambiguous language of the above cited exclusion, as well as the rationale and holdings of prior decisions of the Pennsylvania Supreme Court, including Prudential Property and Casualty Ins. Co. v. Colbert, 572 Pa. 82, 813 A.2D 747 (2002), Burstein v. Prudential Property and Casualty Ins. Co., 809 A.2D 204 (2002), Eichelman v. Nationwide Ins. Co., 551 Pa. 558, 711 A.3d 1006 (1998). The Colbert case dealt with factual situation nearly identical to the facts herein.

The Court held that a child was not entitled to underinsured coverage under his parent's policy with Progressive since the vehicle he was operating was owned by him and was insured through his own carrier, State Farm. The Court reasoned that the insured's carrier would be compelled to underwrite the unknown risks that the insured's neither disclosed nor paid to insure.

Copies of the referenced policy pages have been enclosed for your review.

Nothing contained herein shall be construed as a waiver of any other defense that may be disclosed through further investigation.

If you have any questions, please do not hesitate to contact me at the office number listed below. Your anticipated cooperation is appreciated.

Sincerely,

*Mark A. Esposito*

Mark A. Esposito
Claims Department
800-382-6422  x21068
MESPOSITO@AMICA.COM

Enclosures

Case ID: 230302886